# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KAREEM BODY-ETTI,**

      Plaintiff,

    **v.**                                 **Case No. 20-CV-210**

**CO STRONG and**
**SERGEANT LINSSEN,**

      Defendants.

## SCREENING ORDER

Plaintiff Kareem Body-Etti, an inmate confined at the Green Bay Correctional Institution, filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that the defendants violated his civil rights. The case is now before me on Body-Etti's motion for leave to proceed without prepaying the filing fee and for screening of his complaint.

I have jurisdiction to resolve Body-Etti's motion to proceed without prepaying the filing fee and to screen the complaint in light of Body-Etti's consent to the full jurisdiction of a magistrate judge and the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

1. *Motion for Leave to Proceed without Prepaying the Filing Fee*

The Prison Litigation Reform Act (PLRA) applies to this case because Body-Etti was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On February 26, 2020, I ordered Body-Etti to pay an initial partial filing fee of $14.71. (ECF No. 6.) Body-Etti paid the fee on March 20, 2020. I will grant Body-Etti's motion for leave to proceed without prepaying the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

2. *Screening the Complaint*

2.1 *Federal Screening Standard*

Under the PLRA, I must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

2

In determining whether the complaint states a claim, I apply the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). I construe *pro se* complaints liberally and it holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

3

*2.2 Body-Etti's Allegations*

Body-Etti alleges that, while at the Green Bay Correctional Institution, he had a dental appointment to fill a cavity in one of his teeth. He alleges that the dentist (who is not a defendant) sent Body-Etti back to his cell without pain medication or antibiotics. The numbing medication wore off later in the day, and Body-Etti's face began to swell. Body-Etti alleges that he alerted Correctional Officer Strong and Sergeant Linssen[1] about his pain, but nothing was done.

Body-Etti alleges that he later was able to speak with Strong and asked that he be taken to the Health Services Unit ("HSU") to treat his pain. Strong told Body-Etti that his pain did not qualify as a medical emergency, but he would contact the HSU. Strong left, returned a half hour later, and told Body-Etti to submit an HSU request for treatment. (ECF No. 1 at 3.) Body-Etti does not allege whether he ever submitted a request. About twenty minutes later, Body-Etti asked Linssen to contact HSU about his pain, and Linssen said he would. Linssen left but returned five minutes later and told Body-Etti that HSU was leaving for the day and would see him the next day. Body-Etti does not allege when, if ever, the HSU treated his pain and swelling. He alleges that he was left "to suffer for un-reasonable amount of time because of [Strong and Linssen's] actions." (*Id.*)

Body-Etti sues Strong and Linssen in their individual and official capacities. He seeks punitive and compensatory damages.

---

[1] The Clerk of Court is directed to correct the spelling of Sergeant Linssen's name on the docket from "Linnsen" to "Linssen," as it appears in the complaint.

4

*2.3 Analysis*

Claims against a government official in his official capacity represent another way to plead an action against the entity that he represents or for which that official works. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690, n.55 (1978)). The claims against the defendants in their official capacities are construed as having been brought against the Wisconsin Department of Corrections, the agency in charge of the Green Bay Correctional Institution, where the defendants work. *Graham*, 473 U.S. at 165–66. Because claims against the Wisconsin Department of Corrections are "no different from a suit against the State itself," these claims are construed as having been brought against the State of Wisconsin. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (citing *Graham*, 473 U.S. at 165–66; *Monell*, 436 U.S. at 690 n.55). But a state is not a "person" against whom Body-Etti may recover monetary damages under 42 U.S.C. § 1983. *Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002); *Williams v. Wisconsin*, 336 F.3d 576, 580 (7th Cir. 2003). Because Body-Etti seeks only monetary damages in this action, his official capacity claims are dismissed.

Body-Etti's claim regarding the delay of medical care arises under the Eighth Amendment, which prohibits cruel and unusual punishments. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). But not "every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* at 105. To state a valid Eighth Amendment claim, Body-Etti must allege both

that he "suffered from an objectively serious medical condition" and that the defendants were "deliberately indifferent to that condition." *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). "[D]eliberate indifference describes a state of mind more blameworthy than negligence." *Farmer*, 511 U.S. at 835. A prison official cannot be found liable under the Eighth Amendment unless he subjectively knows of an excessive risk of harm to an inmate's health or safety and disregards that risk. *Id.* at 837; *Perez*, 792 F.3d 768, 776 (7th Cir. 2015).

"A delay in treating non-life-threatening but painful conditions may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Arnett v. Webster*, 658 F.3d 742, 753 (7th Cir. 2011) (citing *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010)). How long of a delay is tolerable "depends on the seriousness of the condition and the ease of providing treatment." *Id.* (quoting *McGowan*, 612 F.3d at 640).

Body-Etti alleges that he suffered pain and swelling after his dental procedure. But he does not explain the severity of his pain beyond stating that it caused him "discomfort." (ECF No. 1 at 2.) Even if that allegation were sufficient to satisfy the objective component, and it is not clear that it is, Body-Etti's allegations do not satisfy the subjective component. Body-Etti alleges that both Strong and Linssen reported his concern to the HSU immediately after he reported it to them. Strong told Body-Etti to submit a request for treatment, but Body-Etti does not allege whether he ever did. Linssen told Body-Etti that the HSU would see him the

6

next day. But Body-Etti does not allege whether he received treatment the next day or at all. He merely alleges that he had to wait an "un-reasonable amount of time." (*Id.* at 3.) I need not accept that conclusory allegation, unsupported by facts describing the amount of time he had to wait, as true. *Iqbal*, 556 U.S. at 679. If Body-Etti received treatment for his "discomfort" one day after it manifested, that would not constitute an Eighth Amendment violation.

Body-Etti's allegations do not demonstrate that he is entitled to relief against Strong and Linssen. *See* Fed. R. Civ. P. 8. His allegations suggest that he may have had to wait an unreasonable amount of time to be treated for his pain and swelling. But it is equally possible he waited only one day for treatment, which as noted would not amount to a constitutional violation. Given the vagueness of Body-Etti's allegations, I will allow him to file an amended complaint. *See Beal v. Foster*, 803 F.3d 356, 359 (7th Cir. 2015) (suggesting courts "should at least consider making a modest effort to assist the pro se in articulating his claims").

If Body-Etti chooses to file an amended complaint, he must do so on the court's complaint form, which I will include with this decision. He should include allegations specifying how long he waited for treatment, whether he received treatment at all, and the severity of his pain. Body-Etti's amended complaint must contain enough information to allow me reasonably to conclude that Strong and Linssen violated his constitutional rights. If Body-Etti does not want to file an amended complaint, he does not have to. If he chooses not to, I will dismiss this case because his original complaint fails to state a claim.

7

**THEREFORE, IT IS ORDERED** that Body-Etti's motion for leave to proceed without prepaying the filing fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the complaint fails to state a claim.

**IT IS FURTHER ORDERED** that Body-Etti may file an amended complaint that complies with the instructions in this order on or before **June 8, 2020**. If Body-Etti files an amended complaint by the deadline, I will screen the amended complaint under 28 U.S.C. § 1915A. If Body-Etti does not file an amended complaint by the deadline, I will dismiss this case based on his failure to state a claim in his original complaint and will issue him a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the Clerk's Office mail Body-Etti a blank prisoner complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions," along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Body-Etti shall collect from his institution trust account the $335.29 balance of the filing fee by collecting monthly payments from Body-Etti's prison trust account in an amount equal to 20% of the preceding month's income credited to Body-Etti's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Body-Etti is transferred to another county, state, or federal institution, the transferring

8

Case 2:20-cv-00210-NJ   Filed 05/18/20   Page 8 of 10   Document 8

institution shall forward a copy of this order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Body-Etti is confined.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[2] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Body-Etti is further advised that failure to make a timely submission may result in the dismissal of this case for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

---

[2] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

Dated at Milwaukee, Wisconsin, this 18th day of May, 2020.

BY THE COURT:


s/*Nancy Joseph*

Nancy Joseph
United States Magistrate Judge

10